## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANDREA DIXON, as Personal** | ) | |
| **Representative of the ESTATE OF** | ) | |
| **MAURICE JACKSON, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-491** |
| | ) | |
| **THE EDGEWOOD GROUP** | ) | |
| **LIMITED PARTNERSHIP, a/k/a** | ) | |
| **THE EDGEWOOD GROUP, LTD,** | ) | |
| **d/b/a EDGEWOOD VILLAS** | ) | |
| **APARTMENTS; CUMBERLAND** | ) | |
| **REAL ESTATE SERVICES, INC.;** | ) | |
| **THE MITCHELL COMPANY,** | ) | |
| **LLC;  and FICTITIOUS PARTIES A,** | ) | |
| **B, C, D, E, F, G, H, I, J, K, and L,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants The Edgewood Group Limited Partnership ("Edgewood Group") and Cumberland Real Estate Services, Inc. ("Cumberland"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, and hereby give notice of removal of Case No. CV-2020-901867 from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In addition to removing this matter, Edgewood Group and Cumberland specifically reserve the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure, and to move to compel arbitration of this matter. As grounds for removal, Defendants Edgewood Group and Cumberland respectfully show unto the Court as follows:

## I. INTRODUCTION

1.      Plaintiff Andrea Dixon, as Personal Representative of the Estate of Maurice Jackson ("Plaintiff"), commenced this action in the Circuit Court of Mobile County, Alabama (Case No. CV-2020-901867) on September 4, 2020 by filing a Complaint against Edgewood Group, Cumberland and The Mitchell Company, LLC ("Mitchell Company"). (*See* **Exhibit A**, Complaint).

2.      Plaintiff's Complaint asserts a single count pursuant to Alabama's Wrongful Death Statute, ALA. CODE § 6-5-410. (*Id.* at ¶¶ 45-53). Plaintiff contends the Defendants' purported negligent or wanton conduct proximately caused Maurice Jackson's death. (*Id.* at ¶¶ 48, 52).

3.      Plaintiff alleges that on June 13, 2019, a fire occurred on the stove-top in the kitchen within the decedent's apartment home at the Edgewood Villas Apartments in Mobile, Alabama ("Edgewood Villas"). (*Id.* at ¶ 15). Plaintiff further alleges that the decedent was asleep at the time the fire began and that the decedent suffocated and died by smoke inhalation in his bedroom. (*Id.* at ¶¶ 16, 44). Plaintiff contends that "Defendants, jointly and separately, negligently and/or wantonly breached their duties to Maurice Jackson to provide, inspect and maintain his apartment home with a non-defective and functional smoke detector." (*Id.* at ¶ 47).

4.      In her Complaint, Plaintiff requests "the Court to empanel a jury to examine the evidence and to enter individual judgments in favor of the Plaintiff and against the Defendants for their joint and several wrongful conduct" and specifically seeks "such Wrong Death damages as it may assess, as mandated by the Alabama Legislature, to punish and deter the conduct that gave rise to the death of Maurice Jackson, in excess of the Court's jurisdictional limits, plus interest and costs of Court." (*Id.* at p. 20).

5.      This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of civil actions.

6.      This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Edgewood Group was made aware of this matter on September 8, 2020 and, while Edgewood Group has not yet been properly served, out of an abundance of caution Edgewood Group is removing this matter within thirty days after becoming aware of this matter.

8.      Cumberland was served on September 8, 2020.

9.      Upon information and belief, Mitchell Company was served on September 8, 2020.

10.     Because this Notice of Removal is filed within thirty days after service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b)(1).

11.     True and correct copies of all pleadings in the state court action are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446.

12.     Written notice of the filing of this Notice of Removal will be provided to all adverse parties in this case, and a copy will be filed with the Clerk of the Circuit Court of Mobile County, Alabama, as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

13.     The United States District Court for the Southern District of Alabama, Southern Division, is the federal district and division embracing the Circuit Court of Mobile County, Alabama.  *See* 28 U.S.C. §§ 81(c)(2) and 1441(a).

14.     As will be discussed herein, complete diversity of citizenship exists between Plaintiff and Defendants Edgewood Group and Cumberland. Defendant Mitchell Company, the sole non-diverse Defendant, has been fraudulently joined in this action. Pursuant to 28 U.S.C. §

1446(B)(2)(A), counsel for Defendant Edgewood Group has conferred with Counsel for Defendant Mitchell Company, who consents to removal.

15.     As evidenced by the Declaration and Affidavit attached hereto as **Exhibit B** and **Exhibit C**, respectively, Mitchell Company did not manage or operate Edgewood Villas at the time of the fire and death made the basis of this action, and there is no possibility that Plaintiff can establish a cause of action against Mitchell Company. Because Mitchell Company was fraudulently joined, its Alabama citizenship should be ignored for purposes of diversity jurisdiction. *Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1300 (S.D. Ala. 2010) ("when a defendant has been fraudulently joined, its citizenship is immaterial to the determination of diversity jurisdiction and must be ignored."). Therefore, Mitchell Company is not a properly joined party, and there is complete diversity.

## II. BASIS FOR REMOVAL

### A.  There is Complete Diversity of Citizenship Between the Properly Joined Parties.

16.     This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

17.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1), which provides federal district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "[R]emoval based on diversity of citizenship is a right conferred by Congress, the need for which may well be greatest

4

when the plaintiff tries hardest to defeat it." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (internal citations omitted).

18.     At the time Plaintiff commenced this action, and at all times since, Plaintiff was and is a resident of Mobile County, Alabama for purposes of diversity jurisdiction. *See* Complaint, ¶¶ 12-14; *see also* 28 USCS § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…"); *see also King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent …[where] she was domiciled at the time of her death").

19.     At the time Plaintiff commenced this action, and at all times since, Defendant Edgewood Group was and is a limited partnership organized and existing under and by virtue of the laws of the State of Tennessee, having its principal place of business in Tennessee. (*Id.* at ¶ 2). At the time Plaintiff commenced this action, and at all times since, Edgewood Group was and is comprised of two partners, Edgewood GP, Inc. and Bert Lyles. (**Exhibit B**, Declaration of Bert Lyles, ¶ 3). At the time Plaintiff commenced this action, and at all times since, Edgewood GP, Inc. was and is a Tennessee corporation with its principal place of business in Tennessee. (*Id.* at ¶ 4). At the time Plaintiff commenced this action, and at all times since, Bert Lyles was and is a citizen and resident of Tennessee. (*Id.* at ¶ 5). As a result, Edgewood Group is not now, and was not at the time the Complaint was filed, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

20.     At the time Plaintiff commenced this action, and at all times since, Defendant Cumberland was and is a corporation organized and existing under and by virtue of the laws of the State of Tennessee, having its principal place of business in Tennessee. (*Id.* at ¶ 2). As a result,

Cumberland is not now, and was not at the time the Complaint was filed, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

21.     Defendants A through L have been sued under fictitious names. "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

**B.   Defendant Mitchell Company Has Been Improperly Joined**

22.     Plaintiff has named Mitchell Company as a Defendant, and has alleged that Mitchell Company is an Alabama limited liability company with its principal place of business in Mobile County, Alabama. (*Id.* at ¶ 4). Upon information and belief, the members of the Mitchell Company, LLC—John B. Saint, Chester J. Stefan and Donald P. Kelly—are citizens of Alabama, and the Mitchell Company, LLC is deemed to be a citizen of Alabama. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen.").

23.     It appears that Plaintiffs named Mitchell Company in an effort to destroy diversity. Nevertheless, an action is still removable if the joinder of the non-diverse parties is fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity" for removal. *Id.*; *Cooper v. Nissan Motor Co., LTD*, 2018 WL 3109612 at *1 (N.D. Ala. June 25, 2018).

24.     "[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis omitted).

25.     In this Circuit, joinder is deemed fraudulent in three circumstances, one of which applies here – namely, when the removing party demonstrates that the plaintiff could not possibly establish a valid cause of action against the non-diverse defendant. *Triggs* at 1287-89; *Crespo v. Coldwell Banker Mortgage*, 599 Fed. Appx. 868, 871-72 (11th Cir. 2014).

26.     While the standard uses the term "possibility," courts reject the suggestion that "any mere theoretical possibility of recovery under local law . . . suffices to preclude removal." *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003). Indeed, the Eleventh Circuit has applied a "no reasonable possibility" standard and has specifically noted that the "potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg,* 428 F.3d at 1325 n.5.

27.     Here, Plaintiff alleges, "[t]he Mitchell Co., 'individually', and as agent for The Edgewood Group, Cumberland, and/or one or more of the Fictitious Parties identified herein, on information and belief, managed or operated Edgewood Villas at the time of Maurice Jackson's death." (**Exhibit A,** Complaint, ¶ 4). Plaintiff further contends that "Defendants, jointly and separately, negligently and/or wantonly breached their duties to Maurice Jackson to provide, inspect and maintain his apartment home with a non-defective and functional smoke detector." (*Id.* at ¶ 47). The sole basis for Plaintiff's claims against Mitchell Company is that Mitchell Company served as the property manager for the Edgewood Villas apartments at the time of the fire. (*Id.* at ¶ 4).

28.     In truth, Mitchell Company had no involvement, contractual or otherwise, with the Edgewood Villas apartments at the time of the June 13, 2019 fire and death made the basis of this action. (**Exhibit B,** Declaration of Bert Lyles ¶¶ 9-10; **Exhibit C,** Affidavit of Chris Sylvester, ¶¶ 5-6). Rather, Mitchell Company was engaged by Edgewood Group to manage Edgewood Villas on September 18, 2019, and began managing Edgewood Villas on September 18, 2019. (*Id.*)

29.     Alabama law provides no basis for Plaintiff to possibly prevail on her claims against Defendant Mitchell Company, because Mitchell Company did not owe a duty to Maurice Jackson. To succeed on a claim of negligence, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) there is causation (both actual and proximate) between the alleged act and the injury, and (4) the plaintiff suffered an injury. *New Addition Club, Inc. v. Vaughn*, 903 So. 2d 68, Case 7:20-cv-00836-GMB (Ala. 2004). To establish wantonness, a plaintiff "must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Norfolk S. Ry. Co. v. Johnson*, 75 So.3d 624, 646 (Ala. 2011).

30.     Claims for negligence and wantonness arising under Alabama law must be predicated upon the existence of a legal duty running from the defendant to the plaintiff. *See, e.g., Edmonson v. Cooper Cameron Corp.*, 374 F.Supp. 2d 1103, 1106 (M.D. Ala. 2005). It is equally axiomatic that; "[i]n Alabama, the existence of a duty is a strictly legal question to be determined by the court." *Dibiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008); *Swift v. Purcell*, 2019 WL 5810413, at *4 (N.D. Ala. Nov. 7, 2019).

31.     In short, there was no relationship between Plaintiff and Mitchell Company that conceivably could give rise to a duty under Alabama law that would provide the basis for a an action premised on negligence or wantonness. *Dolgencorp, Inc. v. Taylor*, 2009 WL 1643347 (Ala. June 12, 2009) ("Because Dolgencorp owed no duty to Taylor, her wantonness claim must also fail as a matter of law"); *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1056 (Ala. 2003) ("[w]ithout the existence of a duty, Lilya's negligence and wantonness claims fail as a matter of law")(emphasis supplied).

32.     Moreover, under Alabama law, liability cannot attach to Mitchell Company without the element of proximate causation. "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Quarles v. Tennessee Steel Haulers, Inc.*, 2018 WL 1555651, at *5 (M.D. Ala. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 1546366 (M.D. Ala. Mar. 29, 2018) (*citing Gilmore v. Shell Oil Co.*, 613 So. 2d 1272, 1274-75 (Ala. 1993). "However negligent a party may have been in some particular [instance], he is accountable only to those injured as a proximate result of such negligence. Where some independent agency intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable." *Id.* (finding in-state individual defendants not involved in underlying motor-vehicle accident were fraudulently joined to destroy diversity). Here, Plaintiff cannot point to Mitchell Company's actions as the proximate cause of the subject accident.

33.     Consequently, Plaintiff's claims against in-state defendant Mitchell Company are fraudulently joined to defeat diversity. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) ("if a defendant shows that there is no possibility the plaintiff can establish a cause of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant . . ."); *see also Levett v. Indep. Life & Acc. Ins. Co.*, 814 F. Supp. 1053 (M.D. Ala. 1993) ("joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state").

C.   **The Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest and Costs.**

34.     The amount in controversy requirement for diversity jurisdiction is satisfied because it is facially apparent from Plaintiffs' Complaint that the "matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a); s*ee also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'").

35.     In determining whether it is facially apparent from the pleadings that the case is removable, the Court is permitted to make "reasonable deductions" and "reasonable inferences," and need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Roe*, 613 F.3d at 1061-622 (*citing Pretka*, 608 F.3d at 770 and *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*; *See also Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

36.     Here, Plaintiff seeks punitive damages for the alleged wrongful death of Maurice Jackson pursuant to Alabama's Wrongful Death statute, Ala. Code § 6-5-410. Under the Act, Plaintiff's recovery is limited to punitive damages, which "are within the sound and honest discretion of the jury," *Dees v. Gilley*, 339 So. 2d 1000, 1002 (Ala. 1976). The jury would be instructed to award damages based upon "the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need to deter similar wrongs in order to preserve human life." *Estes Health Care Centers, Inc. v. Bannerman*, 411 So. 2d 109, 113 (Ala. 1982).

37.     On the face of the Complaint alone, the amount in controversy in this wrongful

death action describes damages easily exceeding the jurisdictional limit of $75,000. *See, e.g.,*

*Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 (S.D. Ala. 2009) ("The complaint alleges

that the defendants wantonly took human life. Given that Alabama law views every human life as

precious and requires juries to consider the finality of its premature destruction in assessing

damages, the Court concludes that it is readily deducible from the complaint that the amount in

controversy exceeds $75,000."); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D.

Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2010) ("Indeed, the court cannot image a plaintiff's

lawyer saying with a straight face that this wrongful-death case should be valued at no more than

$ 75,000. Such a representation would fail the so-called 'laugh test.'"); *Estate of Carter v. SSC

Selma Operating Co. LLC*, No. 2:19-CV-00431-JB-M, 2020 U.S. Dist. LEXIS 109618, at *5 n.2

(S.D. Ala. June 23, 2020) ("Plaintiff does not challenge the amount in controversy component of

diversity jurisdiction, which the Court deems to be satisfied in light of the wrongful death claim

asserted in the [Complaint].") *Hill v. Am. Health Corp.*, No. 2:09-cv-1953-SLB, 2010 U.S. Dist.

LEXIS 159241, at *12 (N.D. Ala. Sep. 7, 2010).

38.     Given the nature of the claims asserted, the loss of life, the severity of the alleged

conduct, and the relief requested, it is "facially apparent" from Plaintiff's Complaint itself that the

amount in controversy exceeds the jurisdictional minimum.

### III. ADOPTION AND RESERVATION OF DEFENSES

39.     Defendant Edgewood Group and Cumberland reserve the right to supplement this

Notice of Removal by adding any jurisdictional defenses which may independently support a basis

for removal.

40.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Edgewood Group and Cumberland's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Rule 12 of the Alabama or Federal Rules of Civil Procedure, any state or federal statute, or otherwise, all of which are expressly reserved.

41.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Edgewood Group and Cumberland's rights to move to compel arbitration of this dispute, which said rights are expressly reserved.

## IV. CONCLUSION

WHEREFORE, Edgewood Group and Cumberland respectfully request that this Court take jurisdiction and issue all necessary orders and process to remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,


 s/ Jennifer M. Busby
JENNIFER M. BUSBY                    (BUSBJ4965)
gbusby@burr.com
L. ROBERT SHREVE                     (SHREL3179)
rshreve@burr.com

Attorneys for Defendants, The Edgewood Group
Limited Partnership, a/k/a The Edgewood Group,
Ltd, d/b/a Edgewood Villas Apartments and
Cumberland Real Estate Services, Inc.

OF COUNSEL:

Jennifer (Ginger) M. Busby
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

L. Robert Shreve
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 7th day of October, 2020:

Donald M. Briskman, Esq.
Charles J. Potts, Esq.
Briskman & Binion, P.C.
Post Office Box 43
Mobile, AL  36601

David A. Hamby, Jr., Esq.
Spear, Spear & Hamby, P.C.
Post Office Box 1347
Mobile, AL  36633

*s/ Jennifer M. Busby*
OF COUNSEL